**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HECTOR DANIEL SUASNAVA BARRERA,** | **Case No. 26–cv–04252–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **DELANEY HALL DETENTION FACILITY WARDEN, et al.,** | |
| **Respondents.** | |

**KIEL, U.S.D.J.**

Jhoselyn Dayanna Pacheco Lasluisa filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Petition) as a "next friend" for petitioner Hector Daniel Suasnava Barrera, an immigration detainee confined in the Delaney Hall Detention Facility, New Jersey (Delaney Hall.)   (ECF No. 1 p.1.)

A petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf."   28 U.S.C. § 2242.   "'[N]ext friend' standing ... has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).   "Most frequently 'next friends' appear ... on behalf of detained prisoners who are unable ... to seek relief themselves." *Id.*

There are two requirements for next friend status.   "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action."   *Id.* at 163.   "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate, and it has been further suggested that a 'next

friend' must have some significant relationship with the real party in interest." *Id.* at 163–64 (internal citation omitted). "The burden is on the 'next friend' clearly to establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Pacheco Lasluisa meets these next friend requirements, however, "the Third Circuit has held that a 'non-attorney cannot represent another party, even if acting as a next friend.'" *Kerrigan v. Ortiz*, No. 21–cv–01027, 2021 WL 6424641, at \*2 (D.N.J. Dec. 6, 2021) (quoting *Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n. 2 (3d Cir. 2020)). Therefore, I will administratively terminate this matter, subject to reopening if Pacheco Lasluisa obtains counsel or petitioner files a *pro se* amended habeas petition.[1] *See e.g.*, *Bah v. Tsoukaris*, No. 25–cv–16925, 2025 WL 3041812, \*3 (D.N.J. Oct. 31, 2025) (administratively terminating habeas petition for petitioner to cure defects in next friend application).

An appropriate Order accompanies this Opinion.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: April 23, 2026

---

[1] I will instruct the Clerk to mail Pacheco Lasluisa a blank habeas petition and blank *in forma pauperis* application. The *in forma pauperis* application submitted with the Petition is incomplete and must be submitted on the Clerk's form.

2