**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HECTOR DANIEL SUASNAVA BARRERA,<br><br>Petitioner,<br><br>v.<br><br>DELANEY HALL DETENTION FACILITY WARDEN, *et al.*,<br><br>Respondents. | Case No. 26–cv–04252–ESK<br><br><br>OPINION AND ORDER |

**THIS MATTER** is before the Court on petitioner Hector Daniel Suasnava Barrera's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Amended Petition) (ECF No. 6) and motion for a temporary restraining order (Motion) (ECF No. 10.)   Respondents oppose the Amended Petition and Motion.   (ECF No. 16.)

1.   Petitioner is a citizen of Ecuador.   (ECF No. 1 p. 4.)   He entered the United States without admission or parole on or about July 28, 2023.   (ECF No. 16 p. 2.)

2.   He was briefly detained but ultimately was released on an order of recognizance.   (ECF No. 16–1 pp. 2, 3.)

3.   On September 20, 2025, petitioner was arrested by the Union Police Department in New Jersey for shoplifting, N.J.S.A. § 2C:20–11(b)(2).   (ECF No. 16–4 p. 1.)   On February 3, 2026, petitioner was found guilty of disorderly conduct in municipal court.   (ECF No. 20–2 p. 1.)

4.   On March 22, 2026, Immigration and Customs Enforcement (ICE) took petitioner into custody after encountering him during a "targeted enforcement operation."   (ECF No. 16 p. 2.)   ICE issued a Notice to Appear charging petitioner with being a noncitizen who was present in the United States without being admitted or paroled.   (ECF No. 16–1 p. 2.)   Petitioner was detained in Delaney Hall Detention Facility.   (ECF No. 1 ¶ 2.)   He has not received a bond hearing.   (*Id.* ¶ 3.)

5.   Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or

treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. Respondents argue that petitioner's detention is mandatory pursuant to the Laken Riley Act, which amended 8 U.S.C. § 1226(c) to mandate detention of noncitizens who are inadmissible and are charged with, or arrested for, "acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E). They further argue that I lack jurisdiction to determine whether § 1226(c) applies to petitioner. (ECF No. 16 p. 3 n. 3 (citing 8 U.S.C. § 1226(e)).)

7. I reject respondents' assertion that I have no jurisdiction to determine the applicability of § 1226(c). Section 1226(e) deprives district courts of jurisdiction over "[t]he Attorney General's *discretionary* judgment regarding the application of this section … ." (Emphasis added). The question before me now is a purely legal question regarding § 1226(c)'s applicability to petitioner's charges. If § 1226(c) governs, then petitioner's detention is mandatory. There is no exercise of discretion. Accordingly, § 1226(e) does not remove my jurisdiction over the claims raised in the Amended Petition.

8. Petitioner was arrested and charged with shoplifting, N.J.S.A. § 2C:20–11(b)(2). (ECF No. 16–4 p. 1.) Shoplifting is a covered offense, 8 U.S.C. § 1226(c)(1)(E), but that charge was dismissed when petitioner was found guilty of disorderly conduct, (ECF No. 20–2 p. 1.) "[T]he Laken Riley Act does not authorize mandatory detention after charges have been dismissed … ." *Hairo v. Crawford*, No. 2:25–cv–00704, 2026 WL 286176, at *3 (E.D. Va. Feb. 3, 2026). "Detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute." *Id.* (cleaned up).

9. Disorderly conduct is not a covered offense in the Laken Riley Act. Therefore, I find that §1226(c) does not apply to petitioner.

10. Respondents argue in the alternative that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 16 p. 2.) I reject this argument as well.

11. I conclude that petitioner is being unlawfully detained under § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under

§1226, which requires an opportunity to seek bond. *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at \*2–3 (D.N.J. Oct. 30, 2025).

Accordingly,

**IT IS** on this **28th** day of **May 2026 ORDERED** that:

1. Petitioner's Amended Petition is **GRANTED**. Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a) before an immigration judge within 7 days of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2. Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention.

3. The motion for a temporary restraining order at ECF No. 10 is **DISMISSED**.

4. The Clerk shall **CLOSE** this case.

        */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**