**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HECTOR DANIEL SUASNAVA BARRERA,**<br>**Petitioner,**<br>**v.**<br>**DELANEY HALL DETENTION FACILITY WARDEN, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–04252–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Hector Daniel Suasnava Barrera's motion to enforce the order (Motion) (ECF No. 22) granting his habeas corpus petition. Respondents oppose the Motion. (ECF No. 26.)

1. Petitioner is a citizen of Ecuador. (ECF No. 1 p. 4.) He entered the United States without admission or parole on or about July 28, 2023. (ECF No. 16 p. 2.)

2. He was briefly detained but ultimately was released on an order of recognizance. (ECF No. 16–1 pp. 2, 3.)

3. On September 20, 2025, petitioner was arrested by the Union Police Department in New Jersey for shoplifting, N.J.S.A. § 2C:20–11(b)(2). (ECF No. 16–4 p.1.) On February 3, 2026, petitioner was found guilty of disorderly conduct in municipal court. (ECF No. 20–2 p. 1.)

4. On March 22, 2026, Immigration and Customs Enforcement (ICE) took petitioner into custody after encountering him during a "targeted enforcement operation." (ECF No. 16 p. 2.) Petitioner was detained in Delaney Hall Detention Facility without a bond hearing pursuant to 8 U.S.C. § 1226(c). (ECF No. 16 p. 3.)

5. On May 28, 2026, I concluded that § 1226(c) did not apply to petitioner's detention. (ECF No. 21 ¶¶ 8, 9.)

6. I also rejected respondents' alternative assertion that petitioner was properly detained pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 16 p. 2.)

7. I concluded that petitioner should have been detained under §1226(a), and ordered respondents to provide petitioner with a bond hearing. (ECF No. 21 ¶11.)

8. A bond hearing took place before an immigration judge on June 15, 2026. (ECF No. 26–2.) The immigration judge denied bond as petitioner "failed to meet his burden of establishing that he is not a flight risk." (*Id.*)

9. Petitioner now moves to enforce the order for a bond hearing, arguing that the provided bond hearing "failed to comply with the constitutional requirements articulated by this Court." (ECF No. 22 p. 1.)

10. "[D]istrict courts have continuing jurisdiction to address alleged noncompliance with writs of habeas corpus." *Santos v. Lowe*, No. 1:18–cv–01553, 2020 WL 4530728, at *2 (M.D. Pa. Aug. 6, 2020) (citing *Gibbs v. Frank*, 500 F.3d 202, 205 (3d Cir. 2007)).

11. I lack jurisdiction to review any discretionary determinations underlying the immigration judge's bond decision, but I may review whether the bond hearing was fundamentally unfair. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21–1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

12. After reviewing the parties' submissions and consideration of the parties' arguments, I conclude that petitioner has not shown that his bond hearing was fundamentally unfair.

13. In a fundamentally fair bond hearing, due process has three essential elements. The noncitizen "(1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his interests." *Ghanem*, 2022 WL 574624, at *2.

14. Petitioner argues that the "[i]mmigration [j]udge denied bond based on an impermissibly heightened flight-risk standard, speculative concerns, and merits-based assumptions … ." (ECF No. 22 pp. 1, 2.)

15. He further asserts that "[t]he relevant inquiry is not whether some theoretical possibility of nonappearance exists; rather, it is whether the evidence demonstrates that no reasonable condition or combination of conditions—including monetary bond, reporting requirements, supervision, or other conditions of release—could reasonably assure [p]etitioner's future appearance." (*Id.* p. 3.)

16. Section 1226(a)'s implementing regulations state that a noncitizen must demonstrate to the satisfaction of an immigration officer that they do not "pose a danger to property or persons" and that they are "likely to appear for

any future proceeding." 8 C.F.R. § 236.1(c)(8). There is no support for petitioner's claim that the immigration judge applied the wrong standard of review. *See Cano v. Soto*, No. 25–cv–18008, 2026 WL 63486, at *2 (D.N.J. Jan. 8, 2026) (noting the that immigration judge "was not required to consider less restrictive alternatives to detention" in a bond hearing).

17. I am not persuaded that the immigration judge failed to give petitioner individualized consideration. Although the immigration judge did cite petitioner's entry into the country without inspection, he also indicated that he relied on petitioner's family's lack of status, petitioner's disorderly conduct conviction, and petitioner's "speculative" asylum application to conclude that petitioner was a flight risk. (ECF No. 22–1 pp. 16, 17.)

18. The immigration judge considered petitioner's circumstances and did not rely solely on factors that are common to all immigration detainees. *Cf. Geincharles v. Benzel*, No. 26–cv–06376, 2026 WL 2149720, at *2 (D.N.J. July 27, 2026) (concluding immigration judge failed to provide an individualized hearing where bond was denied solely because petitioner had a removal order).

19. Petitioner's other arguments—that the immigration judge improperly discounted petitioner's family and community ties and failed to meaningfully engage with the record—are challenges to the weight of the evidence. These are discretionary determinations beyond my review. 8 U.S.C. § 1226(e); *see also Ghanem*, 2022 WL 574624, at *2 ("A motion to enforce a judgment is not the proper avenue to relitigate the merits of a bond order.")

Accordingly,

**IT IS** on this **28th** day of **September 2026** **ORDERED** that:

1. Petitioner's Motion at ECF No. 22 is **DENIED**.

2. Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**